**IN THE COURT OF APPEALS OF IOWA**

No. 16-0036
Filed March 23, 2016

**IN THE INTEREST OF C.R.,**
**Minor Child,**

**C.R., Father,**
Appellant**,**

**H.R., Mother,**
Appellant**.**

_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

A mother and a father separately appeal the termination of their parental rights to their child. **AFFIRMED ON BOTH APPEALS.**

Courtney T. Wilson of Gomez May, L.L.P., Davenport, for appellant father.

Barbara E. Maness, Davenport, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Patricia Ashton Rolfstad, Davenport, for minor child.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ. Tabor, J., takes no part.

**DOYLE, Judge.**

A mother and a father separately appeal the termination of their parental rights to their child. Both challenge the sufficiency of the evidence supporting the grounds for termination. The mother also contends termination is not in the child's best interests. Because we find clear and convincing evidence supports the grounds for terminating parental rights and termination is in the child's best interests, we affirm the termination of both the mother's and the father's parental rights.

## I. BACKGROUND FACTS AND PROCEEDINGS.

The mother and the father have one child together, C.R., born in 2014.[1] The Department of Human Services became involved with C.R. at the time of birth after the hospital staff reported concerns regarding the parents' ability to address C.R.'s needs. Services to assist the parents began upon C.R.'s discharge from the hospital. In spite of the offer and receipt of these services, C.R. was diagnosed with failure to thrive and removed from the parents' care in January 2015. C.R. improved while in foster care and by May 2015 was considered to be in recovery.

In March 2015, C.R. was adjudicated to be a child in need of assistance (CINA) pursuant to Iowa Code sections 232.2(6)(c)(2) and (n) (2015). Although the mother and the father received a myriad of services to help enable C.R. to be safely returned to their care, concerns about their parenting persisted. C.R. was never returned to the home, and visitations between the parents and C.R.

---

[1] The mother had her parental rights to another child, not at issue in this appeal, terminated before C.R. was born.

remained supervised. Expanded visits, which began in July 2015, had to be reduced after just three weeks because the parents were unable to follow C.R.'s feeding and napping schedule, which was critical to C.R.'s continued recovery.

In September 2015, the State filed a petition to terminate the mother's and the father's parental rights pursuant to Iowa Code section 232.116(1)(a), (d), (g), (h), and (i). Following the termination hearing, the juvenile court found that C.R. was under three years of age, had been removed from the parents' care for more than six months, and had not been returned to the parents' care during the time of removal. The juvenile court further found the parents could not meet C.R.'s needs and additional time would not allow C.R. to be returned to either parent. Accordingly, it concluded the State proved one or more statutory grounds for terminating the parents' parental rights. After finding termination to be in C.R.'s best interests, the juvenile court terminated both the mother's and the father's parental rights to C.R.

## II.     SCOPE AND STANDARD OF REVIEW.

We review the termination of parental rights de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the juvenile court's fact-findings, especially those concerning witness credibility. *Id.* We are not bound by them, however. *Id.*

## III.     THE MOTHER'S APPEAL.

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(d), (g), (h), and (i). The mother challenges the grounds for termination pursuant to paragraphs (d), (h), and (i), but she does not address the termination of her parental rights under paragraph (g). Her failure to make

any argument concerning the termination of her parental rights under section 232.116(1)(g) waives a challenge to termination under this paragraph. *See In re D.S.*, 563 N.W.2d 12, 15 (Iowa Ct. App. 1997) (finding principles of res judicata barred a father who failed to appeal a juvenile court order from raising the challenge on appeal); *see also Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) (stating "our review is confined to those propositions relied upon by the appellant for reversal on appeal"). We need only find termination proper on one ground to affirm. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). Accordingly, we affirm the termination of the mother's parental rights under section 232.116(1)(g). In any event, the grounds for termination under section 232.116(1)(g) were proved by clear and convincing evidence.

The mother also contends termination is not in C.R.'s best interests. While her argument is scant, it appears to be premised on the idea that she poses no risk of harm to C.R. However, even ignoring the mother's failure to challenge termination pursuant to section 232.116(1)(g), the overwhelming evidence shows C.R. could not be safely returned to the mother's care at the time of termination, if ever. While the mother undoubtedly loves C.R., her cognitive deficits impair her ability to provide for C.R.'s needs. The record also shows she is resistant to guidance from the providers tasked to aid her in developing the needed parenting skills.

The lack of ability and progress the mother demonstrated while these proceedings were pending is indicative of her ability to provide for C.R. in the future. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) ("Insight for the determination of the child's long-range best interests can be gleaned from

evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing."). Either by limitation or by refusal, the mother has failed to learn, retain, and enact the necessary parenting skills to usher C.R. to maturity in good health. Once the time period for termination specified in section 232.116(1) has passed, termination proceedings are viewed with a sense of urgency. *Id.* "Time is a critical element." *Id.* Children are not equipped with pause buttons. *See In re T.J.O.*, 527 N.W.2d 417, 422 (Iowa Ct. App. 1994) ("Children simply cannot wait for responsible parenting. Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable."); *In re D.A.*, 506 N.W.2d 478, 479 (Iowa Ct. App. 1993) ("The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems."). C.R.'s best interests require termination of the mother's parental rights.

Because the grounds for termination under section 232.116(1)(g) were proved by clear and convincing evidence and termination is in C.R.'s best interests, we affirm the termination of the mother's parental rights.

## IV. THE FATHER'S APPEAL.

The juvenile court terminated the father's parental rights pursuant to section 232.116(1)(d), (h), and (i). The father challenges the sufficiency of the evidence proving termination under all three paragraphs. Termination is appropriate under section 232.116(1)(h) when the child is three years of age or younger, has been adjudicated a CINA, and has been removed from the parent's care for at least six of the past twelve months. The father does not challenge the

State's proof on these elements. He instead contends the State failed to prove that C.R. cannot be safely returned to his care. Iowa Code § 232.116(1)(h).

The father does not argue C.R. can be returned to his care. Instead, he argues his ability to supervise the child improved. Although he admits there were "some occasions" since the CINA adjudication in which he failed to provide adequate supervision, he claims he has been able "to demonstrate parenting skills necessary for the child's safety and supervision," citing that there have been "visits with minimal safety or supervision concerns and some visits with no safety or supervision concerns."

The record demonstrates C.R. cannot be safely returned to the father's care. During the CINA proceedings, supervised visits were lengthened to allow the father the opportunity to demonstrate his ability to care for C.R. After a matter of weeks, the visitation had to be shortened due to safety concerns. If the father is unable to safely care for C.R. for a limited time period under the supervision and direction of service providers, he cannot provide safe and consistent parenting on a full-time basis.

Because the State has proved the grounds for termination under section 232.116(1)(h), we affirm the termination of the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**